CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 27, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **ZACHARY MONTGOMERY SEYMOUR,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:24-cv-00377** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **SOUTHWEST VIRGINIA REGIONAL** | ) | **Senior United States District Judge** |
| **JAIL AUTHORITY, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Zachary Montgomery Seymour, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail Authority and three members of the medical staff at the regional jail in Haysi, Virginia: Nurse Practitioner Crystal Large, Nurse Lynette Owens, and Nurse Diane Yates (collectively, the "medical defendants"). The defendants previously moved to dismiss Seymour's amended complaint under Federal Rule of Civil Procedure 12(b)(6). The court granted the motions to dismiss and allowed Seymour to file a second amended complaint. See Order, ECF No. 53. The defendants have since moved to dismiss the second amended complaint under Rule 12(b)(6). ECF Nos. 55 and 58. Seymour has not responded to the motions, and the time for doing so has expired. For the reasons set forth below, the motions are **GRANTED**.

## I. Background

In the second amended complaint, Seymour alleges that he has "a disease called addiction recognized by the American Disability Act" and that he was not allowed to continue

taking Suboxone[1] after he arrived at the regional jail, even though "the jail" knew that he had an active prescription for the medication. 2d Am. Compl., ECF No. 54, at 5. Seymour alleges that he was denied access to Suboxone "because of a faulty drug test" and that he was "not retested after asking to be."[2] Id. As a result, Seymour experienced withdrawal symptoms for fourteen days. Id. Seymour alleges that he told "them" that he had become "suicidal/homicidal/depressed" and that he received no treatment from "medical staff." Id.

Seymour asserts that the jail's website indicates that "the only thing they offer is Vivitrol"[3] but that other inmates at the jail have been prescribed Suboxone. Id. at 5–6. He alleges that he previously informed "the medical" through the kiosk that he is "allergic to Vivitrol." Id. at 5. He asserts that "[t]hey are picking and choosing who gets [Suboxone]" and that "[t]his is blatantly discriminating against [him]." Id. at 6.

Seymour seeks an injunction requiring that he be prescribed Suboxone. Id. at 8. He indicates that each of the medical defendants, none of whom are specifically named in the body of the complaint, are sued in their individual and official capacities. Id. at 3–4.

## II. Standard of Review

The defendants have moved to dismiss Seymour's second amended complaint under Rule (b)(6) for failure to state a claim upon which relief may be granted. To survive dismissal

---

[1] Suboxone is "a controlled substance sometimes used to treat opioid addiction." United States v. Naum, 134 F.4th 234, 237 (4th Cir. 2025).

[2] The current complaint provides no indication as to why the drug test was "faulty." Seymour previously alleged that the test incorrectly indicated that he did not have Suboxone in his system. See 1st Am. Compl., ECF No. 25, at 2.

[3] Vivitrol is another medication used to treat opioid use disorder. See United States v. Boillinger, 893 F.3d 1123, 1124 (8th Cir. 2018).

for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). While "detailed factual allegations" are not required, a complaint must contain more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotation marks and brackets omitted). Additionally, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotation marks omitted).

When evaluating whether a complaint states a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff." Wilcox v. Brown, 877 F.3d 161, 166–67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." Id. "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." Bing v. Brivo Sys., LLC, 959 F.3d 605, 618 (4th Cir. 2020). "[P]ro se pleadings, like counseled ones, must contain more than labels and conclusions," Seabrook v. Driscoll, 148 F.4th 264, 269–70 (4th Cir. 2025) (internal quotation marks omitted), and set forth "enough facts to state a claim for relief that is plausible on its

face," Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III. Discussion

### A. Section 1983 Claims Against the Medical Defendants in Their Individual Capacities

Seymour filed suit against the defendants under 42 U.S.C. § 1983. See Am. Compl. at 2.[4] "Section 1983 authorizes a plaintiff to sue for an alleged deprivation of a federal constitutional right by an official acting 'under color of' state law." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018). "To establish personal liability under § 1983, however, the plaintiff must 'affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights.'" Id. (quoting Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985)). Thus, to state a plausible claim for relief under § 1983, "a plaintiff [must] 'plead that each Government official defendant, through the official's own individual actions, has violated the Constitution.'" Rice v. Adams, 172 F.4th 428, 432 (4th Cir. 2026) (quoting Iqbal, 556 U.S. at 676).

The court construes the second amended complaint to allege that the medical defendants acted with deliberate indifference to his serious medical needs. The standard that applies to such claim depends on whether Seymour was a convicted prisoner or a pretrial detainee at the time of the events at issue. A convicted prisoner's claim of deliberate

[4] Although Seymour also checked boxes on the complaint form indicating that his claims are brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), a Bivens claim may only be brought against federal officials. See FDIC v. Meyer, 510 U.S. 471, 485–86 (1994). Similarly, the FTCA "provides for liability against only '[t]he United States,' 28 U.S.C. § 2674, and plaintiffs seeking relief under the Act may pursue it against that defendant alone." Chang-Williams v. Dep't of the Navy, 766 F. Supp. 2d 604, 608 (D. Md. 2011).

indifference is brought pursuant to the Eighth Amendment's prohibition of cruel and unusual punishment, while a pretrial detainee's claim of deliberate indifference is brought pursuant to the Due Process Clause of the Fourteenth Amendment. Stevens v. Holler, 68 F.4th 921, 930–31 (4th Cir. 2023). Seymour checked boxes on the form complaint indicating that he was both a state pretrial detainee and a convicted state prisoner at the time of the events giving rise to this action. 2d Am. Compl. at 2–3. Consequently, the court will consider both standards.

"An Eighth Amendment claim for deliberate indifference to serious medical needs includes objective and subjective elements." Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021). A plaintiff must plausibly allege that the defendant "acted with 'deliberate indifference' (the subjective component) to the plaintiff's 'serious medical needs' (the objective component)." Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "An official is deliberately indifferent to an inmate's serious medical needs [in violation of the Eighth Amendment] only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 925, 837 (1994)). "[I]t is not enough to show that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Id.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that . . . appear excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015) (internal quotation marks and citations omitted). To state a claim for deliberate

indifference to a serious medical need in violation of the Fourteenth Amendment, "the complaint must plausibly allege both a serious medical need and deliberate indifference to it." Rice, 172 F.4th at 432 (citing Short v. Hartman, 87 F.4th 593, 611–12 (4th Cir. 2023)). In the Fourteenth Amendment context, "an officer is 'deliberately indifferent' when he intentionally, knowingly, or recklessly acts or fails to act when he knew or should have known about both the detainee's condition and the unjustifiably high risk of harm resulting from his action or inaction." Id. (footnote omitted).

To allege that an individual defendant acted with deliberate indifference under either standard, "the complaint must make defendant-specific allegations." Id.; see also Langford v. Joyner, 62 F.4th 122, 125 (4th Cir. 2023). As the United States Court of Appeals for the Fourth Circuit recently reiterated:

> The allegations must be particular enough to allow one to infer what each defendant did and knew. Iqbal, 556 U.S. at 678–79. Lumping defendants together won't do. A plaintiff who makes only "collective allegations against all 'Defendants'"—without specifying how each individual defendant interacted with or bore responsibility for the alleged constitutional deprivation—has not stated a plausible claim against any defendant. See Langford, 62 F.4th at 125–26. We require "specific factual allegations for each defendant," because only such allegations provide "fair notice to that defendant of the plaintiff's claim and underlying factual support." Id. at 125.

Rice, 172 F.4th at 432.

Seymour's second amended complaint does not plausibly allege that any of the named medical defendants acted with deliberate indifference to his serious medical needs. It rests instead on the type of "collective allegations" that are insufficient to survive a motion to dismiss. Id. For instance, as in Rice, the second amended complaint does not identify "how—

indeed, whether—any named [defendant] ever interacted with [him], or how—indeed, whether—any [defendant] should have known" about his condition or any significant risk of harm. Id. at 433. Rather, Seymour alleges that "the Jail" knew that he had a prescription for Suboxone, that he told "them" that he was experiencing serious symptoms of withdrawal, and that the "medical staff" failed to provide any treatment. Am. Compl. at 5. Rice and Langford make clear that such vague, collective allegations fail to plausibly allege deliberate indifference on the part of each defendant. See Rice, 172 F.4th at 433 ("Repeated, vague references to 'custody staff' and 'Sheriff's deputies' cannot substitute for identifying individual officers."); Langford, 62 F.4th at 125 ("The problem with this matter arises from the manner of the pleading. The complaint makes only collective allegations against all 'Defendants,' without identifying how each individual Defendant personally interacted with Langford or was responsible for the denial of his Eighth Amendment rights."). Additionally, aside from the case caption and another section listing the name of each defendant, "no [medical defendant] is specifically mentioned by name in the complaint." Langford, 62 F.4th at 126; see also Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.").

In short, the second amended complaint does not allow the court to connect any named medical defendant to any act or omission that plausibly amounts to deliberate indifference to Seymour's serious medical needs. Because "[t]hat flaw is fatal," the court must

dismiss any claim of deliberate indifference under § 1983 against the medical defendants in their individual capacities.[5] Rice, 172 F.4th at 433.

## B. Section 1983 Claims Against the Jail Authority and the Medical Defendants in Their Official Capacities

Seymour also sued the Jail Authority and all of the medical defendants in their official capacities. An action against a defendant in their official capacity is the equivalent to an action against the individual's employer. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) ("Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). It is well settled that local or regional government entities "are not vicariously liable under § 1983 for their employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011) (citing Monell, 436 U.S. at 692). The same is true for "private companies that employ individuals acting under color of state law." Hendrick v. Wexford Health Sources, Inc., 141 F. Supp. 3d 393, 401 (D. Md. 2015) (citing Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999)). Instead, such entities are responsible only for their "own illegal acts." Owens v. Balt. City State's Attys. Office, 767 F.3d 379, 402 (4th Cir. 2014). In particular, a regional jail authority or private corporation can be held liable under § 1983 only if the plaintiff shows that the entity's policy or custom caused or was a

[5] The same flaw is fatal to any claim of discrimination under § 1983 against the medical defendants in their individual capacities. See Iqbal, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and that when the claim is one of discrimination, "the plaintiff must plead and prove that the defendant acted with discriminatory purpose"). The mere assertion that Seymour was "discriminated against," 2d Am. Compl. at 6, does not suffice to state a claim against the defendants in their individual capacities. See King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) ("As liability here is personal, a complaint must contain specific allegations of each individual's conduct and state of mind.").

"moving force" behind a constitutional violation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981); see also Austin, 195 F.3d at 728 ("[A] private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights.").

"A policy or custom for which a municipality [or private corporation] may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." Misjuns v. City of Lynchburg, 139 F.4th 378, 384 (4th Cir. 2025) (quoting Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003)). "[T]o get past the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory;" it "must plausibly allege each element." Henderson v. Harris Cnty., 51 F.4th 125, 130 (5th Cir. 2022) (internal quotation marks omitted).

Seymour's second amended complaint does not plausibly allege that any policy or custom of the jail authority or the medical defendants' employer was responsible for the constitutional deprivations of which he complains. His allegations regarding his own treatment, or lack thereof, do not suffice. See Misjuns, 139 F.4th at 386 (concluding that a plaintiff who "alleged no other than his own experience" failed to adequately plead the type of "persistent and widespread practice" necessary to establish a municipal custom); see also Johnson v. Balt. City, 163 F.4th 808, 822 (4th Cir. 2026) ("Sporadic or isolated violations of

rights will not give rise to Monell liability; only 'widespread or flagrant' violations will.") (quoting Owens, 767 F.3d at 402). Accordingly, any claim under § 1983 against the jail authority or the medical defendants in their official capacities must be dismissed.

**C. Conclusory Reference to the Americans with Disabilities Act**

As a final matter, the court concludes that the second amended complaint fails to state a plausible claim for relief under Title II of the Americans with Disabilities Act (ADA). "The relevant provision of Title II bars a public entity from discriminating against or excluding a 'qualified' disabled person from its programs or services 'by reason of such disability.'" DiFraia v. Ransom, 171 F.4th 622, 632 (3d Cir. 2026) (quoting 42 U.S.C. § 12132). Even assuming that Seymour's alleged addiction qualifies as a disabling impairment, he, at most, suggests that he was denied Suboxone "despite his alleged disability, not 'by reason of' it." Id. at 633. And such denial "does not violate the Act." Id. Likewise, "failure to provide adequate medical care to a disabled inmate does not, on its own, give rise to liability under the ADA." Id. (internal quotation marks omitted); see also Tardif v. City of New York, 991 F.3d 394, 405 (2d Cir. 2021) (explaining that the plaintiff's claim that she received inadequate medical treatment "for her disability" is "not cognizable under the ADA"); Hale v. Harrison Cnty. Bd. of Supervisors, 8 F.4th 399, 404 n. † (5th Cir. 2021) (noting that an inmate had no viable ADA claim based on "the prison's refusal to prescribe his preferred medication"). Accordingly, to the extent that Seymour attempts to state a claim under the ADA, such claim is subject to dismissal.

## IV. Conclusion

For the reasons stated, the motions to dismiss filed by the jail authority and the medical defendants, ECF Nos. 55 and 58, are **GRANTED**. An appropriate order will be entered.

Entered: August 27, 2026

Michael F. Urbanski
U.S. District Judge
2026.08.27
15:11:28 -04'00'

Michael F. Urbanski
Senior United States District Judge